Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000288
29-JUN-2017
08:34 AM

NO. CAAP-17-0000288

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STRUCTURED ASSET MORTGAGE INVESTMENTS II, INC.,
BEAR STEARNS ARM TRUST, MORTGAGE PASS-THROUGH CERTIFICATES,
SERIES 2005-6, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE,
Plaintiff-Appellee,
v.
WILLIAM HALE and BARBARA HALE,
Defendants-Appellants,
and
DOES 1-20, inclusive, Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 15-1-304)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the records in CAAP-17-0000288, it appears that this court lacks appellate jurisdiction over the appeal. Defendants-Appellants William Hale and Barbara Hale (Appellants), pro se, appeal from a Judgment, filed on January 25, 2017, in the Circuit Court of the Third Circuit (Circuit Court).

The March 14, 2016 Judgment entered by the Circuit Court in this case was a judgment on a decree of foreclosure that incorporated an order of sale. Therefore, it was an appealable judgment pursuant to Hawaii Revised Statutes (HRS) § 667-51(a)(1).

A subsequent June 1, 2016 "Order Deeming Defendants William Hale and Barbara Hale Joint Motion to Vacate Findings of Fact and Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment and for Interlocutory Decree of Foreclosure Filed December 28, 2015, Filed March 30, 2016, a Non-Hearing Motion and Denying Defendants William Hale and Barbara Hale Joint Motion to Vacate Findings of Fact and Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment and for Interlocutory Decree of Foreclosure Filed December 28, 2015" (Order), was a post-judgment order denying Appellant's motion for relief under Hawai'i Rules of Civil Procedure Rule 60(b). Therefore, the Order was appealable pursuant to HRS § 641-1.

The January 25, 2017 Judgment was a judgment entered on an order confirming the sale of the foreclosed property. Therefore, it was an appealable judgment pursuant to HRS § 667-51(a)(2).

There are no other judgments or orders entered after January 25, 2017, in the record on appeal.

A notice of appeal must be filed within 30 days after entry of a judgment or appealable order. Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(a)(1). Appellants filed a Notice of Appeal on March 3, 2017, more than 30 days after entry of the March 14, 2016 Judgment, the June 1, 2016 Order, and the January 25, 2017 Judgment. Therefore, the appeal was untimely as to all appealable judgments and orders. HRAP Rule 4(a)(1). The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986). Accordingly, the court lacks appellate jurisdiction over the appeal.

2

Therefore, IT IS HEREBY ORDERED that the appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, June 29, 2017.

Presiding Judge

Associate Judge

Associate Judge

3